IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESSE T. LARD, )
M51867 )
      Plaintiff, )
)
vs. ) Case No. 15−cv–0917−SMY
)
DARREN L. HARNER, and )
LT. HARRISON )
)
      Defendants. )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

      Plaintiff Jesse T. Lard, formerly an inmate in Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A,[1] which provides:

>       (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>       (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which
>
> relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune
>
> from such relief.

---

[1] Although Plaintiff has been released from IDOC custody, his Amended Complaint will still be reviewed pursuant to § 1915A because Plaintiff filed the case as a prisoner. *Shehadeh v. Bender*, No. 13-cv-3088, 2013 WL 2420324 at *1 (C.D. Ill. June 3, 2013).

Plaintiff originally filed this action in the Central District of Illinois on July 6, 2015. (Doc. 1). It was transferred to this District on August 18, 2015 because the conduct complained of appeared to have occurred at Vienna Correctional Center. (Doc. 9). The undersigned conducted a threshold review on September 25, 2015 and dismissed the case because, in lieu of actually preparing a Complaint, Plaintiff had merely attached a grievance to a Section 1983 complaint form. (Doc. 12). The Court further found that the grievance itself was insufficiently clear to be construed as a Complaint and that Plaintiff had not requested any relief, and likely had not signed his own Complaint. (Doc. 12). Plaintiff was directed to file an amended complaint no later than October 30, 2015. (Doc. 12). Plaintiff filed an Amended Complaint and a Motion for Recruitment of Counsel on October 16, 2015. (Doc. 13) (Doc. 14).

Plaintiff's Amended Complaint corrects only one of the errors identified by the Court; it is now signed. (Doc. 13). However, the remainder of the Amended Complaint is little more than a handwritten copy of the original Complaint. The Amended Complaint does not contain a statement of the case or any facts. It has the same grievance that Plaintiff attached to the original Complaint, which the Court previously found too vague. The Amended Complaint also fails to request any relief pursuant to Federal Rule of Civil Procedure 8(a)(3). Thus, like the original Complaint, the Amended Complaint is subject to dismissal.

Plaintiff also filed a Motion for Recruitment of Counsel. (Doc. 14). While the motion indicates that Plaintiff has made attempts to recruit counsel, it is silent on the question of why Plaintiff cannot represent himself. Further, at no time has he indicated to this Court that filing an amended complaint would be beyond his abilities. The motion is also not signed by Plaintiff, in violation of Federal Rule of Civil Procedure 11. For the foregoing reasons, the Court finds it is

appropriate to **DENY** Plaintiff's Motion for Counsel and to **DISMISS** the Amended Complaint **with prejudice**.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the Amended Complaint is **DISMISSED with prejudice** for failure to state a colorable claim. Plaintiff's Motion for Counsel (Doc. 14) is **DENIED**.

Although Plaintiff was released from custody prior to filing the Amended Complaint, the Seventh Circuit has held that "prisoner" as used in 28 U.S.C. § 1915(g) means an individual who is detained at the time the action is filed. *Evers v. Reak*, 21 F. App'x 447, 550 (7th Cir. 2001) (quoting *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000)). For that reason, and because Plaintiff has twice filed the same deficient Complaint, the Court will assess a strike pursuant to § 1915(g).

**IT IS SO ORDERED.**

**DATED: August 29, 2016**

s/ STACI M. YANDLE
United States District Judge